UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUAN GONZALEZ-ESTEBAN,

    Defendant.

Case No. MJ24-5415-GJL

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community.

The defendant is charged in the United States District Court for the Western District of Texas with one count of assault by strangulation. Dkt. 1, Arrest Warrant, Indictment, Case No. 6:24-cr-00270(1) (Western District of Texas at Waco, issued 12-10-2024). The case is before this Court to determine whether Mr. Gonzalez-Esteban should be released or detained pending transfer; this is a pre-removal detention hearing under Fed. R. Crim. P. 5(c)(2)(A), 5(c)(3), 5(d)(3), and 18 U.S.C. § 3142(a), (e), (f)(1)(A). *See generally, United States v. Evans,* 62 F.3d 1233, 1237-1238 (9th Cir. 1995) (District Judge review of a Magistrate Judge's order of detention or release in the district of arrest would be by a District Judge in the district where the defendant is charged – not by a District Judge in the district of arrest); *see also, United States v. Melendez-Carrion,* 790 F.2d 984, 990 (2d Cir. 1986); *United States v. Dominguez,* 783 F.2d 702, 704-706 (7th Cir. 1986) (the district of arrest may hold a hearing on detention or release pending transfer, but the charging district is the better place for the hearing under the Bail Reform Act, because the charging district has the greatest interest in the case and evidence related to the issue of release or detention is more available in the district where charges are pending).

1

Here, the government filed a motion for detention (Dkts. 5, 10, 13, 14), alleging that if released, Mr. Gonzalez-Esteban would pose a significant risk of dangerousness to others and to the community.

During the hearing, the defense and the Pretrial Services Office proposed that Mr. Gonzalez-Esteban should be released to the home in Shelton, Washington, where his Mother and some of his siblings are living (possibly to include location monitoring and a no-contact order). Dkt. 12, Supplemental Pretrial Services Report, at 2-3.

The four factors considered by the Court are: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3. History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987).

In evaluating whether the defendant poses a serious potential for dangerousness, the Government need not produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92; *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

In this case, the Government has proffered that, as to the nature of the charges, Mr. Gonzalez-Esteban pushed J.R.S., his spouse, to the floor and strangled her more than once during the altercation. Dkt. 14 at 2. Although she tried to scream for help, according to the Government's proffer, the defendant was

on top of her stomach. J.R.S. was seven months pregnant at the time of these events. J.R.S. gave birth four days after the alleged assault by strangulation, and medical professionals assessed that the premature birth was connected to and resulted from the strangulation incident. Dkt. 14, Government's Memorandum at 2-3. Mr. Gonzalez-Esteban has long-standing family ties in the community of Shelton, Washington. He does not have substantial economic ties; his work history consists of working retail, working in a warehouse for about six months, being in the military from September 2022-March 2024, possibly landscaping work but his Mother reported that he is unemployed. At this time it appears he does not have stable employment nor is he currently enrolled in an educational program. Dkt. 12, Supplemental Pretrial Services Report, at 2-3.

Even with conditions by which the defendant's whereabouts might be monitored, the Court finds that there are no conditions of release that would effectively mitigate his threat to the alleged victim and the newborn child, and to the community. The Court finds the conditions, or combination of conditions, proposed by the defense and by U.S. Pretrial Services, would not reasonably assure the safety of the community or safety of the alleged victim. This is an indictment alleging an assault by strangulation where the alleged victim was 7-months pregnant. The charge is brought under 18 U.S.C. § 113(8), the Violence Against Women Act (VAWA), which recognizes that strangulation is a potentially deadly threat to the life of the person being strangled. *See United States v. LaMott,* 831 F.3d 1153, 1154-1155 (9th Cir. 2016) (Observing that VAWA was passed by Congress to address interpersonal violence; nonfatal strangulation is pervasive in family violence and a person who has been strangled is more likely to be a victim

of homicide at a later date because of acts by the same partner). In this case, the defense suggested during the hearing that divorce may be happening. Yet the Court cannot know the circumstances of any divorce proceedings or whether the defendant is now or in the future *see*king custody of the baby, who was born prematurely. Even with home monitoring and a no-contact order, the Court is concerned that the circumstances of the charges as proffered by the Government show extraordinarily dangerous behavior by the defendant toward his spouse and an unborn child who was, a few days after the alleged assault, born about two months prematurely.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 19th day of December 2024.

Theresa L. Fricke
United States Magistrate Judge